UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MILTON'S DISTRIBUTING COMPANY, INC. :
d/b/a Signature Imports, :

Plaintiff [redacted] 06 173 ML

v. : C.A. No. 06-

SOCIEDADE CENTRAL de CERVEJAS :
e BEBIDAS, S.A., and :
OLDE WORLD IMPORTS INC., :
d/b/a AIDIL WINES & LIQUORS, :

Defendants :

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Milton's Distributing Company, Inc., d/b/a Signature Imports ("Milton's"), hereby states as follows by and for its Verified Complaint against Defendants Sociedade Central de Cervejas e Bebidas, S.A. ("Central Cervejas") and Olde World Imports, Inc., d/b/a Aidil Wines and Liquors ("Aidil") (sometimes collectively, "Defendants").

**Introduction**

1. This action involves claims for injunctive and other relief arising out of an importation agreement (the "Agreement") between Milton's and Central Cervejas whereby Central Cervejas appointed Milton as its exclusive importer for its brand Sagres Beer for the States of Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia. Under the Agreement, and pursuant to R.I.G.L. § 3-13-9, Milton's assigned

territories are exclusive in Rhode Island, and include any and all brands of Sagres beer, including those introduced after the effective date of the Agreement.

2. Notwithstanding the aforementioned Agreement, Milton's has recently learned that Central Cervejas has produced a line extension of Sagres Beer called "Sagres Bohemia." This beer has been imported by Central Cervejas to Aidil and distributed in Rhode Island in violation of the parties' Agreement and Rhode Island law.

3. Milton's will be irreparably harmed absent an award of injunctive relief by this Court, restraining and enjoining Central Cervejas and Aidil from engaging in further conduct in violation of the Agreement and R.I.G.L. §3-13-1, et seq. For reasons set forth below, Milton enjoys a reasonable likelihood of success on the merits of these claims, and seeks prompt and appropriate remedial action from this Court.

**Parties and Jurisdiction**

4. Milton's is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located in the Town of Mansfield, Massachusetts.

5. Upon information and belief, Central Cervejas is a corporation organized and existing under the laws of Portugal, with a principal place of business in Vialonga, Portugal.

6. Upon information and belief, Aidil is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located in the City of Newark, New Jersey.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity among all parties, and the amount in controversy is in excess of $75,000. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2)-(3).

**Facts Common to All Counts**

8. Beginning October, 1992, Milton's and Central Cervejas entered into an Agreement whereby Milton's was appointed the sole importer for Central Cervejas' Sagres beer for the States of Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia. This Agreement was renewed on an annual basis, as evidenced by the annual appointment letters attached hereto as Exhibit A.

9. Milton's imports Sagres beer and sells the beer to a number of wholesalers in Massachusetts and Rhode Island. In Rhode Island, a company by the name of C&C Distributing, Inc., has the exclusive right to sell Sagres beer.

10. On or about January 8, 2006, Milton's learned that Central Cervejas had begun making a new brand of Sagres beer called "Sagres Bohemia."

11. As an importer, Milton's is entitled to the protections afforded a "Wholesaler" under the Rhode Island Malt Beverage Supplier-Wholesaler Agreement Act, R.I.G.L. §3-13-1, et seq. (the "Malt Beverage Act"). These protections include the right to an exclusive sales territory for all malt beverage brands and brand extensions for which the supplier has designated a sole importer. R.I.G.L. §3-13-9. Under the Malt Beverage Act, this right cannot be varied by agreement.

12. On February 17, 2006, Central Cervejas executed its annual renewal letter to Milton's regarding Milton's exclusive right to import Sagres beer into Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia. However, on this renewal

notice, contrary to Rhode Island law, Central Cervejas attempted to exclude Sagres Bohemia from the line of Sagres beer to which Milton's is the sole importer. This renewal notice is attached hereto as Exhibit B. Such a limitation had not appeared on any prior letters confirming the parties' Agreement.

13. On or about March 30, 2006, Milton's learned that Central Cervejas had entered into an agreement with Aidil for the importation of Sagres Bohemia, notwithstanding the fact that Milton's had already been appointed sole importer for Sagres beer products.

14. Milton's also learned that Aidil was selling Sagres Bohemia to wholesalers in both Massachusetts and Rhode Island. In Rhode Island, Aidil was selling Sagres Bohemia to its local distributor, Fox Point Wine and Spirits, Inc.

15. On or about March 21, 2006, Milton's learned from Central Cervejas that Aidil had promised Central Cervejas that it would significantly increase the product sales numbers projected by Milton's if it were given the right to import Sagres Bohemia. Milton's also learned that Aidil was aware of its pre-existing Agreement with Central Cervejas.

**Count I**
**(Violation of Rhode Island Malt Beverage Supplier-Wholesaler Agreement Act )**

16. Milton's hereby restates the allegations of Paragraphs 1 through 15 of the Verified Complaint as if fully set forth herein.

17. Pursuant to the Malt Beverage Act, specifically §3-13-9, Milton's is entitled to an exclusive sales territory for all of the brands of Sagres beer, including Sagres Bohemia.

18. Central Cervejas has violated Rhode Island law by contracting with Aidil to import Sagres Bohemia, which is an brand extension of Sagres beer, for which Milton's was appointed sole importer for the State of Rhode Island.

19. Milton's has suffered pecuniary harm as a direct and proximate result of Central Cervejas' violation of the Malt Beverage Act.

20. Milton's has been irreparably harmed by Central Cervejas' violation of the Malt Beverage Act and will continue to be irreparably harmed absent prompt and appropriate injunctive relief from the Court. Pursuant to R.I.G.L. §3-13-11, Milton's is entitled to recover its damages and costs and to seek equitable relief for violations of the Malt Beverage Act.

21. Milton's enjoys a reasonable likelihood of success on the merits of this claim.

**Count II**
**(Breach of Contract – Central Cervejas)**

22. Milton's hereby restates the allegations of Paragraphs 1 through 21 of the Verified Complaint as if fully set forth herein.

23. Under the terms of its Agreement with Central Cervejas, Milton's was appointed the sole importer for all brands of Sagres beer for Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia.

24. Central Cervejas has breached its Agreement with Milton's by appointing Aidil as an importer of its Sagres Bohemia beer in Massachusetts and Rhode Island.

25. Milton's has suffered pecuniary harm as a direct and proximate result of Central Cervejas' conduct in breach of its Agreement.

26. Milton's has also been irreparably harmed by Central Cervejas' breach of its Agreement and will continue to be irreparably harmed absent prompt and appropriate injunctive relief from the Court. To this extent, Milton's has no adequate remedy at law, and will continue to suffer irreparable harm unless this Court issues injunctive relief.

27. Milton's enjoys a reasonable likelihood of success on the merits of its claim.

**Count III**
**(Tortious Interference with Contract – Aidil)**

28. Milton's hereby restates the allegations of Paragraphs 1 through 27 of the Verified Complaint as if fully set forth herein.

29. Upon information and belief, Aidil had knowledge of the aforementioned Agreement between Milton's and Central Cervejas.

30. Notwithstanding that knowledge, Aidil has intentionally, or with the requisite malice and intent to do harm without justification, interfered with Milton's Agreement with Central Cervejas.

31. Milton's has suffered pecuniary harm as a direct and proximate result of Aidil's tortious interference with the Agreement.

32. Milton's has been irreparably harmed by Aidil's conduct and will continue to be irreparably harmed as long as Aidil is allowed to continue tortiously interfering with the Agreement between Milton's and Central Cervejas. To this extent, Milton's has no adequate remedy at law, and will continue to suffer irreparable harm unless this Court issues injunctive relief.

33. Milton's enjoys a reasonable likelihood of success on the merits of this claim.

WHEREFORE, Plaintiff Milton's seeks the following relief from this Court

(a) Temporary, preliminary and permanent injunctive relief, restraining and enjoining Central Cervejas from violating Milton's exclusive sales territory as sole importer of its Sagres brand in the State of Rhode Island, and prohibiting Aidil from continuing to import Sagres Bohemia in Rhode Island;

(b) Temporary, preliminary and permanent injunctive relief, restraining and enjoining Central Cervejas from continuing to breach its Agreement with Milton's by allowing Aidil to import is Sagres Bohemia beer into the State of Rhode Island;

(c) Temporary, preliminary and permanent injunctive relief, restraining and enjoining Aidil from tortiously interfering with Milton's Agreement with Central Cervejas;

(d) Compensatory damages;

(e) Prejudgment interest; and

(f) Such other relief as this Court may deem just and proper under the circumstances

**MILTON'S HEREBY CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**VERIFICATION**

I, Marvin A. Gordon, am the Chief Executive Officer of Milton's Distributing Company, Inc. In that capacity, I have personal knowledge of the facts at issue in this matter. I have reviewed the factual allegations of this Verified Complaint and hereby attest that they are true and accurate to the best of my information, knowledge and belief.

Marvin A. Gordon

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF

Subscribed and sworn before me this 13th day of April, 2006.

HOPE CROWLEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jul 16, 2010

Notary Public
My commission expires: July 16, 2010

MILTON'S DISTRIBUTING
COMPANY, INC.

By its Attorneys,

Mark W. Freel (#4003)
Denise E. Choquette (#6298)
EDWARDS, ANGELL, PALMER
& DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

April 14, 2006



_PRV_797054_1.DOC/