UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MILTON'S DISTRIBUTING COMPANY, INC. d/b/a SIGNATURE IMPORTS, Plaintiff | : | |
| v. | : | C.A. No. 06-173-ML |
| SOCIEDADE CENTRAL de CERVEJAS e BEBIDAS, S.A., and OLDE WORLD IMPORTS INC. d/b/a AIDIL WINES & LIQUORS, Defendants | : | |

**FIRST AMENDED VERIFIED COMPLAINT**
**FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Milton's Distributing Company, Inc. d/b/a Signature Imports ("Milton's") hereby states as follows by and for its First Amended Verified Complaint against Defendants Sociedade Central de Cervejas e Bebidas, S.A. ("Central Cervejas") and Olde World Imports, Inc. d/b/a Aidil Wines and Liquors ("Aidil") (sometimes collectively, "Defendants").

**Introduction**

1. This action involves claims for injunctive and other relief arising out of an importation agreement (the "Agreement") between Milton's and Central Cervejas whereby Central Cervejas appointed Milton's as its exclusive importer for Sagres beer for the States of Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia. Under the Agreement, and pursuant to R.I.G.L. § 3-13-9, Milton's assigned territories are exclusive in Rhode Island, and include any and all brands of Sagres beer, including those introduced after the effective date of the Agreement.

2. Notwithstanding the aforementioned Agreement, Central Cervejas has produced a line extension of Sagres beer called "Sagres Bohemia," which it has allowed to be imported into Rhode Island through another importer and then sold through a new distributor, in violation of the parties' Agreement and Rhode Island law. In addition, Central Cervejas has given notice of its intent to allow all Sagres beer to be imported into Rhode Island by another importer, in violation of the parties' Agreement and Rhode Island law.

3. Milton's has suffered pecuniary harm as a result of the foregoing conduct, and will be irreparably harmed absent an award of injunctive relief from this Court restraining and enjoining Central Cervejas and Aidil from engaging in further conduct in violation of the Agreement and R.I.G.L. §3-13-1, et seq. Milton's enjoys a reasonable likelihood of success on the merits of its claims.

**Parties and Jurisdiction**

4. Milton's is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located in the Town of Mansfield, Massachusetts.

5. Central Cervejas is a corporation organized and existing under the laws of Portugal, with a principal place of business in Vialonga, Portugal.

6. Upon information and belief, Aidil is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located in the City of Newark, New Jersey.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity among all parties, and the amount in controversy is in excess of $75,000. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2)-(3).

12. On or about January 8, 2006, Milton's learned that Central Cervejas had entered into an agreement with Aidil for the importation of Sagres Bohemia, notwithstanding the fact that Milton's had already been appointed sole importer for Sagres beer products.

13. On February 17, 2006, Central Cervejas executed its annual renewal letter to Milton's regarding Milton's exclusive right to import Sagres beer into Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia. However, on this renewal notice, contrary to Rhode Island law, Central Cervejas attempted to exclude Sagres Bohemia from the line of Sagres beer for which Milton's is the sole importer. This renewal notice is attached hereto as Exhibit B. Such a limitation had not appeared on any prior letters confirming the parties' Agreement. Upon information and belief, this limitation was added unilaterally, without Milton's agreement, and after Milton's first saw and/or signed the document.

14. Milton's subsequently learned that Aidil was selling Sagres Bohemia to wholesalers in both Massachusetts and Rhode Island. In Rhode Island, Aidil was selling Sagres Bohemia to a local distributor, Fox Point Wine and Spirits, Inc.

15. On March 30, 2006, Milton's also learned that Central Cervejas intended to set up a "dual" importation scheme for all Sagres beer in Rhode Island, allowing both Aidil and Milton's to import Sagres beer , despite the fact that Rhode Island was Milton's exclusive territory, by contract and as a matter of law. Milton's did not agree to this "dual" importation scheme in violation of its rights.

16. On or about March 21, 2006, Milton's learned from Central Cervejas that Aidil had promised Central Cervejas that it would significantly increase the product sales numbers projected by Milton's if it were given the right to import Sagres Bohemia and other Sagres beer. Milton's also learned that Aidil was aware of its pre-existing Agreement with Central Cervejas.

**Count I**
**(Violation of Rhode Island Malt Beverage Supplier-Wholesaler Agreement Act )**

17. Milton's hereby restates the allegations of Paragraphs 1 through 16 as if fully set forth herein.

18. Pursuant to the Malt Beverage Act, specifically §3-13-9, Milton's is entitled to an exclusive territory for all of the brands of Sagres beer, including Sagres Bohemia.

19. Central Cervejas has violated Rhode Island law by contracting with Aidil to import Sagres Bohemia, which is a new brand extension of Sagres beer, for which Milton's was appointed sole importer for the State of Rhode Island, and by otherwise stating their intention to import Sagres beer into Rhode Island through Aidil, in violation of Milton's right to an exclusive territory.

20. Milton's has suffered pecuniary harm as a direct and proximate result of Central Cervejas' violation of the Malt Beverage Act.

21. Milton's has been irreparably harmed by Central Cervejas' violation of the Malt Beverage Act and will continue to be irreparably harmed absent prompt and appropriate injunctive relief from the Court. Pursuant to R.I.G.L. §3-13-11, Milton's is entitled to recover its damages and costs and to seek equitable relief for violations of the Malt Beverage Act.

22. Milton's enjoys a reasonable likelihood of success on the merits of this claim.

**Count II**
**(Breach of Contract – Central Cervejas)**

23. Milton's hereby restates the allegations of Paragraphs 1 through 22 as if fully set forth herein.

24. Under the terms of its Agreement with Central Cervejas, Milton's was appointed the sole importer for all brands of Sagres beer for Rhode Island, Massachusetts, Pennsylvania, Illinois, Texas and Virginia.

25. Central Cervejas has breached its Agreement with Milton's by appointing Aidil as an importer of its Sagres Bohemia beer in Massachusetts and Rhode Island, and by otherwise stating its intention to import Sagres beer into Massachusetts and Rhode Island through Aidil, in violation of Milton's right to an exclusive territory.

26. Milton's has suffered pecuniary harm as a direct and proximate result of Central Cervejas' conduct in breach of its Agreement.

27. Milton's has also been irreparably harmed by Central Cervejas' breach of its Agreement and will continue to be irreparably harmed absent prompt and appropriate injunctive relief from the Court. To this extent, Milton's has no adequate remedy at law, and will continue to suffer irreparable harm unless this Court issues injunctive relief.

28. Milton's enjoys a reasonable likelihood of success on the merits of its claim.

**Count III**
**(Tortious Interference with Contract – Aidil)**

29. Milton's hereby restates the allegations of Paragraphs 1 through 28 as if fully set forth herein.

30. Upon information and belief, Aidil had knowledge of the aforementioned Agreement between Milton's and Central Cervejas.

31. Notwithstanding that knowledge, Aidil has intentionally, or with the requisite malice and intent to do harm without justification, interfered with Milton's Agreement with Central Cervejas.

32. Milton's has suffered pecuniary harm as a direct and proximate result of Aidil's tortious interference with the Agreement.

33. Milton's has been irreparably harmed by Aidil's conduct and will continue to be irreparably harmed as long as Aidil is allowed to continue tortiously interfering with the Agreement between Milton's and Central Cervejas. To this extent, Milton's has no adequate remedy at law, and will continue to suffer irreparable harm unless this Court issues injunctive relief.

34. Milton's enjoys a reasonable likelihood of success on the merits of this claim.

WHEREFORE, Plaintiff Milton's seeks the following relief from this Court

(a) Temporary, preliminary and permanent injunctive relief, restraining and enjoining Central Cervejas from violating Milton's exclusive territory as the sole importer of its Sagres brand in the State of Rhode Island, and prohibiting Aidil from continuing to import Sagres Bohemia or any other Sagres beer into Rhode Island;

(b) Temporary, preliminary and permanent injunctive relief, restraining and enjoining Central Cervejas from continuing to breach its Agreement with Milton's by allowing Aidil to import Sagres Bohemia beer or any other Sagres beer into the State of Rhode Island;

(c) Temporary, preliminary and permanent injunctive relief, restraining and enjoining Aidil from tortiously interfering with Milton's Agreement with Central Cervejas;

(d) Compensatory damages;

(e) Prejudgment interest; and

(f) Such other relief as this Court may deem just and proper under the circumstances

**MILTON'S HEREBY CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

**VERIFICATION**

I, Marvin A. Gordon, am the Chief Executive Officer of Milton's Distributing Company, Inc. In that capacity, I have personal knowledge of the facts at issue in this matter. I have reviewed the factual allegations of this First Amended Verified Complaint and hereby attest that they are true and accurate to the best of my information, knowledge and belief.

Marvin A. Gordon

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF

Subscribed and sworn before me this 12 day of May, 2006.

HOPE CROWLEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jul 16, 2010

Notary Public
My commission expires: July 16, 2010

MILTON'S DISTRIBUTING COMPANY, INC.

By its Attorneys,

Mark W. Freel (#4003)
Denise E. Choquette (#6298)
EDWARDS, ANGELL, PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy



PRV_PRV_806178_1melissa.DOC/MFREEL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of May 2006, I caused a copy of the within First Amended Verified Complaint to be served by regular mail, postage prepaid, on the following:

Stephen H. Burke, Esq.
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
401-331-3400
401-331-3440 (fax)

Marilee Jud
________________________