UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MILTON'S DISTRIBUTING COMPANY, INC. d/b/a SIGNATURE IMPORTS, Plaintiff, | ) | |
| v. | ) | C. A. No. 06-173-ML |
| SOCIEDADE CENTRAL de CERVEJAS e BEBIDAS, S.A.,and OLDE WORLD IMPORTS, INC. d/b/a AIDIL WINES & LIQUORS Defendants. | ) | |

**DEFENDANTS' ANSWER AND COUNTERCLAIM**

Sociedade Central de Cervejas e Bebidas, S.A. ("SCC"), and Olde World Imports, Inc., d/b/a Aidil Wines and Liquors ("Olde World (collectively, the "Defendants"), hereby submit this Answer and Counterclaim to the First Amended Verified Complaint for Injunctive and Other Relief ("Verified Complaint") filed by Plaintiff Milton's Distributing Company, Inc., d/b/a Signature Imports ("Milton's" or "Plaintiff").

**INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1 of the Verified Complaint.

2. Defendants admit that SSC produces "Sagres Bohemia" and that Sagres Bohemia is imported by an importer which is not the Plaintiff and distributed in Rhode Island through a Rhode Island distributor. Defendant SCC admits that it gave notice of intent to allow all Sagres beer to be imported into Rhode Island by another importer, and affirmatively states that SCC's intention in this regard was rescinded prior to commencement of this action in light of pre-

existing contractual obligations to the Plaintiff as to Sagres Branca, another Sagres brand. As to all other allegations in Paragraph 2, the Defendants deny the allegations in Paragraph 2 of the Verified Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Verified Complaint.

**Parties and Jurisdiction**

4. Defendants are without sufficient knowledge to admit or deny the allegations in Paragraph 4 of the Verified Complaint.

5. Defendant SCC admits the allegations in Paragraph 4 of the Verified Complaint.

6. Defendant Olde World admits the allegations in Paragraph 6 of the Verified Complaint.

7. Defendants admit the allegations as to diversity and deny the allegations as to the amount in controversy in Paragraph 7 of the Verified Complaint.

**Alleged Facts Common to All Counts**

8. Defendant SCC admits that sometime in the 1990's, it entered into an Agreement whereby it appointed the Plaintiff as the exclusive importer of Sagres brands in Rhode Island and some other states. In further answering, Defendant SCC admits that Plaintiff's initial appointment was for a one year term, renewable after the execution of a written notice each year. In further answering, Defendants state that at the time the parties entered into the Agreement, Plaintiff was only purchasing Sagres Branca and Sagres Preta from SCC. Defendant SCC denies all other allegations in Paragraph 8. In further answering, Defendant Olde World is without sufficient information to admit or deny the allegations in Paragraph 8 of the Verified Complaint.

9. Defendants have insufficient information to admit or deny the allegations in Paragraph 9 of the Verified Complaint, except that to the extent Paragraph 9 alleges exclusive rights in C&C Distributing, Inc. as to Sagres Bohemia, Defendants deny all such allegations.

10. Defendant SCC admits that sometime in 2005 or 2006, it informed Plaintiff that it was going to be producing a new product called "Sagres Bohemia." Defendants admit that Sagres Bohemia is distributed in Rhode Island through a wholesaler in Rhode Island other than C&C Distributing, Inc. Defendants deny all other allegations in Paragraph 10 of the Verified Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Verified Complaint.

12. Defendants have insufficient knowledge to admit or deny the allegations in Paragraph 12 of the Verified Complaint concerning what Plaintiff learned, or when Plaintiff learned it. Defendants admit that SCC entered into an agreement with Olde World concerning the importation of Sagres Bohemia.

13. Defendants deny the allegations in Paragraph 13 of the Verified Complaint. Further answering, Defendants state that the allegations in Paragraph 13 are known to be false by Plaintiff, and amount to perjury and fraud on the Court. In further answering, Defendants' state the Plaintiff has presented misleading evidence to this Court by submitting an unexecuted copy of the 2006 renewal notice ("2006 Renewal Notice," attached as Exhibit B to Verified Complaint), when Plaintiff knew that it had, in fact, signed that document. (See 2006 Renewal Notice signed by Melissa Gordon, attached hereto as Exhibit A).

14. Defendants deny the allegations in Paragraph 14 of the Verified Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Verified Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint

**Count I**
**(Violation of Rhode Island Malt Beverage Supplier-Wholesaler Agreement Act)**

17. Defendants hereby restate and incorporate by reference its Answers to Paragraphs 1-16 above as if fully set forth herein.

18. Defendants deny the allegations of Paragraph 18 of the Verified Complaint.

19. Defendants deny the allegations of Paragraph 19 of the Verified Complaint.

20. Defendants deny the allegations of Paragraph 20 of the Verified Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Verified Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Verified Complaint.

**Count II**
**(Alleged Breach of Contract- SCC)**

23. Defendants hereby restate and incorporate by reference its Answers to Paragraphs 1-22 above as if fully set forth herein.

24. Defendant SCC admits that sometime in the 1990's, it entered into an Agreement whereby it appointed the Plaintiff as the exclusive importer of Sagres brands in Massachusetts, Rhode Island and some other states. In further answering, Defendant SCC admits that Plaintiff's initial appointment was for a one year term, renewable after the execution of a written notice each year. In further answering, Defendants state that at the time the parties entered into the Agreement, Plaintiff was only purchasing Sagres Branca and Sagres Preta from SCC. Defendant SCC denies all other allegations in Paragraph 24. In further answering, Defendants Olde World and SCC are without sufficient information to admit or deny the allegations in Paragraph 24 of the Verified Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Verified Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Verified Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Verified Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Verified Complaint.

**Count III (Alleged Tortious Interference with Contract – Olde World)**

29. Defendants hereby restate and incorporate by reference its Answers to Paragraphs 1-28 above as if fully set forth herein.

30. Defendant Olde World admits that it knew Plaintiff had executed the 2006 Renewal Notice to be the importer of only Sagres Branca in Massachusetts, Rhode Island and certain other states, but otherwise denies the allegations in Paragraph 30 of the Verified Complaint.

31. Defendant Olde World denies the allegations in Paragraph 31 of the Verified Complaint.

32. Defendant Olde World denies the allegations in Paragraph 32 of the Verified Complaint.

33. Defendant Olde World denies the allegations in Paragraph 33 of the Verified Complaint.

34. Defendant Olde World denies the allegations in Paragraph 34 of the Verified Complaint.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the requested relief from this Court.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff has failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff is not entitled to any relief where it comes to this Court with unclean hands, including but not limited to committing perjury and fraud on the court.

**Third Affirmative Defense**

Defendants have acted in good faith at all relevant and material times.

**Fourth Affirmative Defense**

Plaintiff does not have a valid and enforceable contract upon which to base its Breach of Contract claim. In the alternative, if the Plaintiff has a valid and enforceable contract, the Defendants have not violated any of its terms.

**Fifth Affirmative Defense**

The Defendants have not violated any provision of Rhode Island law, breached any contract, or committed any tortuous act.

**Sixth Affirmative Defense**

The Court lacks subject matter jurisdiction because the amount in controversy is less than Seventy Five Thousand ($75.000.00) Dollars.

**Seventh Affirmative Defense**

The Plaintiff is not entitled to any of the relief requested under R. I. G. L. § 3-13-9 because that statute is in violation of the Commerce Clause of the United States Constitution under the rules enunciated in *Granholm v. Heald,* 544 U.S. 460; 125 S. Ct. 1885; 161 L. Ed. 2d 796; 2005 U.S. LEXIS 4174 (2005).

**DEFENDANTS' COUNTERCLAIM**

**Introduction**

35. Defendants bring this Counterclaim against Plaintiff on the grounds that the Plaintiff has committed perjury in its Verified Complaint and fraud on this Court by knowingly and intentionally submitted misleading evidence to this Court. As discussed below, contrary to the Plaintiff's allegations in Paragraph 13 of the Verified Complaint, the Plaintiff ***did*** execute the 2006 Renewal Notice which is attached to its Verified Complaint, and hence, it did agree to the terms set forth therein. (See Exhibit A hereto).

**Facts Common to All Counts**

36. Defendant SCC has appointed, Olde World and Coimbra Imports and Exports, Inc., a Massachusetts corporation, to be the sole importers of all its Sagres brands, except Sagres Branca in Massachusetts, Rhode Island, and several other states. ("Defendants' Contract").

37. Prior to the execution of the 2006 Renewal Notice at issue in this case, the last appointment letter SCC sent to Plaintiff appears to be February 2, 2004, and it was only for a period of six months.

38. In or around late 2005 or early 2006, Melissa Gordon, President of Milton's insisted on a new appointment letter. Melissa Gordon drafted the 2006 Renewal Notice (without the limitation) for the SCC Corporate Affairs Administrator's signature. However, while Ms. Gordon was present, the Corporate Affairs Administrator of SCC edited the Renewal Notice to note that the appointment was for Sagres Branca only, not for any other Sagres product, including Sagres Bohemia. The Renewal Notice includes a note that specifically defines the Sagres brands being appointed as including only Sagres Branca. The note says "means Sagres Branca."

39. While Ms. Gordon was present, the Corporate Affairs Administrator signed the 2006 Renewal Notice with this exclusion. Ms. Gordon also signed the 2006 Renewal Notice at

the same time, namely upon the International Fair of Wine, Fish and other Food Products that took place in Lisbon, on February 20th, 2006. Ms. Gordon actually executed two copies of the Renewal Notice: one for Pennsylvania, and one for the other states

40. Marvin Gordon, who is Melissa Gordon's father, signed the "Verification" in the Verified Complaint under the pains and penalties of perjury, stating that he had personal knowledge of the facts at issue in this matter, he had reviewed the factual allegations in the Verified Complaint, and that they were true and accurate.

41. Plaintiff's allegations in Paragraph 13 of the Verified Complaint that it did not agree to the exclusion on the 2006 Renewal Notice, and that it never signed the 2006 Renewal Notice, is absolutely false.

42. In direct reliance on the unsigned version of the 2006 Renewal Notice that Plaintiff attached to its Verified Complaint, Plaintiff is seeking or has sought to enjoin Defendants from performing under, and enjoying the fruits of, the Defendants' Contract.

**COUNT I OF DEFENDANTS' COUNTERCLAIM (Abuse of Process)**

43. Defendants hereby restate and incorporate by reference their Answers to Paragraphs 1-34 above, and their allegations in Paragraph 35-42 above, as if fully set forth herein.

44. By filing the Verified Complaint and seeking injunctive relief on the claims asserted therein, the Plaintiff has made use of judicial process.

45. Plaintiff has committed perjury and fraud on the court in connection with its use of that process for ulterior and illegitimate purposes, including but not limited to intimidating, harassing, and forcing Defendants to forego their respective rights under Defendants' Contract,

improperly interfering with the Defendants' Contract, and depriving Defendants of the benefits of Defendants' Contract.

46. Defendants have incurred damages as a direct result of Plaintiff's abuse of process.

**COUNT II OF DEFENDANT'S COUNTERCLAIM (Tortious Interference with Contract)**

47. Defendants hereby restate and incorporate by reference their Answers to Paragraphs 1-34 above, and their allegations in Paragraph 35-46 above, as if fully set forth herein.

48. Plaintiff had knowledge of Defendants' Contract.

49. Notwithstanding that knowledge, and notwithstanding Plaintiff's knowledge that the 2006 Renewal Notice only pertained to Sagres Branca, the Plaintiff has intentionally, or with the requisite malice and intent to do harm without justification, interfered with Defendants' Contract by improper means.

50. Defendants have incurred damages as a result of Plaintiff's tortious interference with Defendants' Agreements.

**COUNT III (Article 1, §8, cl. 3 of the Constitution of the United States)**
**(Commerce Clause)**

**Exclusive Dealing**

51. The Defendants hereby restate and incorporate by reference their answers to Paragraphs 1-34 above and their allegations in Paragraphs 35-50 above, as if fully set forth herein.

52. Milton's claims a right to an exclusive territory in Rhode Island under §3-13-9.

53. Section 3-13-9 and other Rhode Island statutes require out-of-state suppliers, such as the Defendants, to sell through Rhode Island wholesalers, which must have an exclusive

designated sales territory ("designated sales territory"). Out-of-state suppliers may not be wholesalers.

54. The designated sales territory required by §3-13-9 applies to both products actually being sold in Rhode Island and those that might be sold into Rhode Island in the future.

55. The definition of supplier in §3-13-9 does not include in-state brewers which are licensed under §3-6-1. On information and belief, these in-state brewers may use wholesalers, but also may sell to licensees directly.

56. But for these statutes, the Defendants would have appointed their own wholesalers in Rhode Island.

57. Consequently, the statutes favor in state regulated entities over out-of-state entities.

58. Section 3-13-9 places a burden on interstate commerce that is clearly excessive in relation to any putative benefits and therefore violates the dormant Commerce Clause.

59. By protecting domestic brewers and companies from increased competition, §3-13-9 discriminates against interstate commerce in violation of the Dormant Commerce Clause.

WHEREFORE, Defendants seek the following relief from this Court:

1. Dismiss the Verified Complaint, with prejudice;

2. Enter judgment in Defendants' favor on all counts of its Counterclaim;

3. Enter judgment declaring §3-13-9 violative of Article 1, §8, cl. 3 of the United States Constitution;

4. Award Defendants' their reasonable attorneys' fees and costs, with interest thereon;

5. Award Defendants their compensatory damages; and,

6. Any and all other relief this Court deems appropriate and just.

**DEFENDANTS REQUEST A JURY TRIAL ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

Sociedade Central De Cervejas E Bebidas, S.A.,
Olde Word Imports, Inc., d/b/a Aidil Wines and Liquors,

By their attorneys,

Ratcliffe Burke Harten & Elias LLP

Stephen H. Burke, #2759
1600 Financial Plaza
Providence, RI 02903
Tel: 401.331.3400
Fax: 401.331.3440

Dated: June 19, 2006

**CERTIFICATION**

I hereby certify that on the 19th day of June, 2006, a true and accurate copy of the within Answer and Counterclaim was mailed, postage prepaid, to:

Mark W. Freel, Esq.
Edwards Angell Palmer & Dodge
2800 Financial Plaza
Providence, RI 02903

Rhode Island Attorney General
Patrick Lynch
150 South Main Street
Providence, RI 02903