UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MILTON'S DISTRIBUTING COMPANY, INC. d/b/a SIGNATURE IMPORTS, Plaintiff | : | |
| v. | : | C.A. No. 06-173-ML |
| SOCIEDADE CENTRAL de CERVEJAS e BEBIDAS, S.A., and OLDE WORLD IMPORTS INC. d/b/a AIDIL WINES & LIQUORS, Defendants | : | |

**PLAINTIFF'S MOTION TO DISMISS COUNT I OF DEFENDANTS' COUNTERCLAIM**

Plaintiff Milton's Distributing Company, Inc. d/b/a Signature Imports ("Milton's") hereby moves to dismiss Count I (abuse of process) of the Counterclaim filed by Defendants Sociedade Central de Cervejas e Bebidas, S.A. ("Central Cervejas") and Olde World Imports, Inc. d/b/a Aidil Wines and Liquors ("Aidil") (sometimes collectively, "Defendants"). In support of its motion, Milton's submits the accompanying memorandum of law.

MILTON'S DISTRIBUTING COMPANY, INC.

By its Attorneys,

Mark W. Freel (#4003)
Denise E. Choquette (#6298)
EDWARDS, ANGELL, PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July 2006, I caused a copy of the within to be hand delivered to the following:

Stephen H. Burke, Esq.
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
401-331-3400
401-331-3440 (fax)

[signature]

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MILTON'S DISTRIBUTING COMPANY, INC. d/b/a SIGNATURE IMPORTS, Plaintiff | : | |
| v. | : | C.A. No. 06-173-ML |
| SOCIEDADE CENTRAL de CERVEJAS e BEBIDAS, S.A., and OLDE WORLD IMPORTS INC. d/b/a AIDIL WINES & LIQUORS, Defendants | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT I OF DEFENDANTS' COUNTERCLAIM**

Plaintiff Milton's Distributing Company, Inc. d/b/a Signature Imports ("Milton's") hereby submits this memorandum in support of its motion to dismiss Count I (abuse of process) of the Counterclaim filed by Defendants Sociedade Central de Cervejas e Bebidas, S.A. ("Central Cervejas") and Olde World Imports, Inc. d/b/a Aidil Wines and Liquors ("Aidil") (sometimes collectively, "Defendants"). In sum, Defendants have failed to allege facts sufficient to establish such a claim against Milton's. Accordingly, the Court should dismiss Count I of Defendants' Counterclaim for failure to state a claim upon which relief can be granted.

**Background Facts**

Consistent with the applicable standard of review set forth below, all facts set forth herein are drawn from Defendants' Answer and Counterclaim and shall be treated as true for purposes of this motion. In the early 1990s, Milton's and Central Cervejas entered an importation agreement (the "Agreement"). (See Answer and Counterclaim, ¶ 8). Pursuant to the Agreement,

Central Cervejas appointed Milton's as its exclusive importer for Sagres brands in Rhode Island, Massachusetts, and several other states. (Id., ¶¶ 8, 24) The Agreement was renewable on an annual basis after the execution of a written notice. (Id., ¶ 8.)

After the Agreement had been in place for over ten years, Central Cervejas informed Milton's that it would be introducing a new brand of Sagres beer called "Sagres Bohemia." (Id., ¶ 10.) Central Cervejas proceeded to distribute Sagres Bohemia in Rhode Island through a wholesaler other than that used by Milton's. (Id.) Rather, Central Cervejas appointed Aidil to be the sole importer of all Sagre brands, except Sagres Branca, one particular product in the Sagres line. (Id., ¶ 36.) Central Cervejas facilitated the Rhode Island distribution of Sagres Bohemia without utilizing the services of C&C Distributing, Inc., the company through whom Milton's sells Sagres beer. (Id., ¶ 10.) Central Cervejas instead entered into an agreement with Aidil concerning the importation of Sagres Bohemia. (Id., ¶ 12.)

In or around February 2006, Central Cervejas and Milton's entered into discussions concerning a renewal notice for the Agreement. (Id., ¶ 38.) According to the facts alleged by Central Cervejas, the renewal notice limited Milton's exclusive importation rights over Sagres products in Rhode Island, Massachusetts, and several other states to only Sagres Branca. (Id.) Central Cervejas alleges that Melissa Gordon, President of Milton's, signed the renewal notice limiting Milton's importation rights to Sagres Branca. (Id., ¶ 39.) Milton's, on the other hand, contends that the terms of the renewal notice, limiting Milton's importation rights, were "added unilaterally, without Milton's agreement, and after Milton's first saw and/or signed the document." (See First Amended Verified Complaint, ¶ 13.)

Milton's has brought suit against Defendants alleging violation of the Rhode Island Malt Beverage Supplier-Wholesaler Agreement Act (Count I), breach of contract against Central

Cervejas (Count II), and tortious interference with contract against Aidil (Count III). Defendants, in response, filed a Counterclaim against Milton's. Defendants contend in part that by filing its First Amended Verified Complaint, Milton's has committed abuse of process (Count I). (See Answer and Counterclaim, ¶¶ 43-46.) Specifically, Defendants contend that Milton's "has committed perjury and fraud on the court in connection with its use of that process for ulterior and illegitimate purposes, including but not limited to intimidating, harassing, and forcing Defendants to forego their respective rights under Defendants' Contract, improperly interfering with the Defendants' Contract, and depriving Defendants of the benefits of Defendants' Contract." (Id., ¶ 45.)

For the following reasons, and assuming as true all of Defendants' factual allegations, Count I of Defendants' Counterclaim should be dismissed as a matter of law.

**Standard of Review**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must determine whether the complaint states any claim upon which relief could be granted. See Greene v. Rhode Island, 289 F. Supp. 2d 5, 8 (D.R.I. 2003). Accordingly, the facts alleged in the plaintiff's complaint must be taken as true, and all reasonable inferences must be drawn in his favor. See Hughes v. Rowe, 449 U.S. 5, 10 (1980); Chongris v. Bd. of Appeals of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987). However, when it appears that the plaintiff would be unable to recover under any set of facts, the court should grant a defendant's motion to dismiss pursuant to Rule 12(b)(6). See Greene, 289 F. Supp. 2d at 8 (citing Roma Constr. Co. v. Russo, 96 F.3d 566, 569 (1st Cir. 1996).

**Discussion**

Under Rhode Island law, "abuse of process arises when a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or a wrongful purpose for which it was not designed." Hoffman v. Davenport, 851 A.2d 1083, 1090 (R.I. 2004) (quotations omitted); see also Butera v. Boucher, 798 A.2d 340, 353 (R.I. 2002). The necessary elements to be proven are: "(1) the defendant instituted proceedings or process against the plaintiff and (2) the defendant used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish." Id. (quotations omitted); see also Powers v. Carvalho, 368 A.2d 1242, 1246 n.3 (R.I. 1977).

Wrongful or improper purpose "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money. . . in other words, a form of extortion." Butera, 798 A.2d at 353; see also Simon v. Navon, 71 F.3d 9, 15 (1st Cir. 1995) ("the two basic elements of abuse of process are a bad motive, and the use of a legal process for an improper, collateral objective"). On the other hand, "[t]he regular use of process cannot constitute abuse of process even though the person using it was actuated by a wrongful motive, purpose, intent or malice." Miner v. Commerce Oil Refining Corp., 198 F.Supp. 887, 891 (D.R.I. 1961). Moreover, "[a]s a matter of law, service of a summons and complaint, even if made with malicious intent, is insufficient to state a cause of action for abuse of process." Stroock, Stroock & Lavan v. Beltramini, 550 N.Y.S.2d 337, 338 (N.Y. Sup. Ct. 1990); see also R.J.R. Services, Inc. v. Aetna Casualty and Surety Co., 895 F.2d 279, 285 (7th Cir. 1989); Tappen v. Ager, 599 F.2d 376, 379-80 (10th Cir. 1979); Perry v. Manocherian, 675 F. Supp. 1417, 1429 (S.D.N.Y. 1987); Bird v. Rothman, 627 P.2d 1097, 1100 (Ariz. 1981); Drasin v. Jacoby & Meyers, 197 Cal. Rptr. 768, 770 (Cal. Ct. App. 1984); Brody v.

Ruby, 267 N.W.2d 902, 905 (Iowa 1978); Farmers Gin Co. v. Ward, 389 P.2d 9, 11-12 (N.M. 1964); Detenbeck v. Koester, 886 S.W.2d 477, 480-81 (Tex. Ct. App. 1994).

Thus, in order for an action for abuse of process to succeed, the person asserting the claim must allege and establish that the process was used to accomplish some wrongful purpose for which such process is not normally intended. Goldstein v. Rhode Island Hospital Trust Nat'l Bank, 296 A.2d 112, 116 (R.I. 1972). Allegation of wrongful intent is insufficient to prove abuse of process. Miner, 198 F.Supp. at 891. Instead, the claimant must prove that process was "used to secure a collateral advantage that was not within the scope of the process." Powers, 368 A.2d at 1246 n.3; see also Ross v. Peck Iron & Metal Company, Inc., 264 F.2d 262, 268 (4th Cir. 1959) (necessity of proving "collateral object").

In this case, Defendants have failed to allege facts establishing an abuse of process claim against Milton's. They do not state a factual basis for their conclusion that Milton's is using the instant lawsuit "for ulterior and illegitimate purposes," or for purposes of "intimidating, harassing, and forcing Defendants to forego their respective rights." Nor do they allege facts sufficient to establish any collateral objective on Milton's behalf. (See Answer and Counterclaim, ¶ 45.) In fact, it is clear from a thorough reading of Defendants' abuse of process count that it represents and embodies a dispute over the merits of this litigation. Therefore, by definition, it fails to identify truly any collateral issues or ulterior motives. The absence of this critical element is fatal as a matter of law.

As to Defendants' allegation that Milton's statements regarding the renewal notice "amount to perjury and fraud," Milton's strenuously disagrees. This disagreement, however, is the very issue upon which Milton's claims are based, and which ultimately must be decided by this Court. As such, Milton's claims are not related to any collateral objective, nor have they

taken the form of anything more than the service of a summons and complaint. Because Milton's has done nothing more initiate process based on alleged violations of Rhode Island statutory and contract law, Milton's actions "cannot constitute abuse of process." Beltramini, 550 N.Y.S.2d at 338.

Throughout their Counterclaim for abuse of process, Defendants rely on empty and unsupported accusations and legal conclusions that have no binding effect. Avery v. Rhode Island Hosp., 495 A.2d 254, 257 (R.I. 1985). Defendants' abuse of process claim is nothing more than a dispute over the very facts and legal rights at issue in this litigation. Thus, Defendants' allegations, even if treated as true for purposes of this motion, fall far short of establishing a claim for abuse of process. The Court should therefore dismiss Defendants' Counterclaim.

**Conclusion**

For the foregoing reasons, the Court should grant Milton's motion to dismiss Count I (abuse of process) of Defendants' Counterclaim.

MILTON'S DISTRIBUTING COMPANY, INC.

By its Attorneys,

Mark W. Freel (#4003)
Denise E. Choquette (#6298)
EDWARDS, ANGELL, PALMER & DODGE, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July 2006, I caused a copy of the within to be hand-delivered to the following:

Stephen H. Burke, Esq.
Ratcliffe Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903
401-331-3400
401-331-3440 (fax)